**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| TARIQ KHAN,<br><br>*Plaintiff*,<br><br>-against-<br><br>FOX NEWS NETWORK, LLC, and JAMES GREGORY HEADEN<br><br>*Defendants*. | Case No. 1:23-cv-08576 |

**STIPULATION AND ORDER FOR THE PRODUCTION AND
EXCHANGE OF CONFIDENTIAL / HIGHLY CONFIDENTIAL INFORMATION**

Discovery in the above-captioned action is likely to involve the production of confidential, proprietary, or private information for which special protection from disclosure, and from use for any purpose other than prosecuting this action, is warranted. Accordingly, Plaintiff Tariq Khan ("Plaintiff" or "Khan") and Defendants Fox News Network, LLC and James Gregory Headen (collectively, "Defendants") stipulate to and petition for entry of the following Stipulation and Order for the Production and Exchange of Confidential / Highly Confidential Information (the "Stipulation").

IT IS HEREBY ORDERED THAT:

1.    This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that merit confidential treatment.

2.    As used herein:

a.   "Action" shall mean *Tariq Khan v. Fox News Network, LLC, et al.*, Civil Action No. 1:23-cv-08576.

b. "Confidential Information" shall mean all information (regardless of how it is generated, stored or maintained) or tangible things that contain personal information of current and/or former employees, proprietary business information, sensitive information, or other information that, in the good faith judgment of the party designating the material as confidential, if disclosed, would be detrimental to the conduct of that party's business or personal interests.

c. "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

d. "Highly Confidential Information" shall mean any Confidential Information which the Producing Party reasonably believes to be so sensitive that it is entitled to extraordinary protections.

e. "Producing Party" shall mean the parties to this Action or any third-party producing Confidential or Highly Confidential Information or the party asserting the confidentiality designation, as the case may be.

f. "Receiving Party" shall mean the party to this Action or any non-party receiving Confidential or Highly Confidential Information.

3. <u>Designation of Confidential or Highly Confidential Information</u>: Either party may designate Disclosure or Discovery Material that the party reasonably believes should be subject to the terms of this Stipulation as Confidential Information or Highly Confidential Information. Designation in conformity with this Stipulation may be made as follows:

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), by affixing, at a minimum, the legend "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL" to each page of each document that contains protected material or by any other reasonable means of giving notice of the party's intent to claim protected status of the document in question.

b.   For deposition testimony or exhibits offered in a deposition, notifying opposing counsel on the record during, or at the conclusion of, the deposition that the information provided is considered Confidential or Highly Confidential and that the transcript (or portions thereof) shall be subject to the provisions of this Stipulation; in addition, designation may be made by notifying all counsel in writing at any time up to thirty (30) days after the final transcript is received by counsel of the transcript (or portions thereof) to be treated as such.  Prior to the expiration of such thirty (30) day period, or until a designation is made by counsel, if such a designation is made in a shorter period of time, all deposition testimony shall be treated as Confidential Information.

c.   For information produced in other forms, by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or by any other reasonable means of providing notice of the designations.

4.   <u>Procedure for Raising Disagreement with Designation</u>: The Receiving Party may notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential or Highly Confidential Information.  To be timely, such notification must occur within thirty (30) days of receipt of the document or material in question. If the Producing Party does not agree to withdraw the confidential designation of such document or material within seven (7) days of the notification, the Receiving Party may move before the Court for a ruling that such document or material is not entitled to protection.  If no motion is filed, such documents or materials shall continue to be treated in accordance with their

3

designation as Confidential or Highly Confidential Information.  If a motion is filed, the documents or other materials shall be treated in accordance with their designation as Confidential or Highly Confidential Information unless and until the Court rules otherwise.

5.    <u>Limited Use of Confidential Information</u>: Any information designated as Confidential Information shall be used by the Receiving Party and its counsel only for purposes of this Action and for no other purposes.  Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

a.   Plaintiff, so long as disclosure is deemed by his counsel to be reasonably necessary for purposes of this Action and Plaintiff agrees to comply with and be bound by the terms of this Stipulation;

b.   Defendant James Gregory Headen, so long as disclosure is deemed by his counsel to be reasonably necessary for purposes of this Action and Defendant Headen agrees to comply with and be bound by the terms of this Stipulation;

c.   officers, directors, agents, and employees (including in-house counsel) of Defendant Fox News Network, LLC, whom counsel for Defendant Fox News Network, LLC, believes in good faith to have a need to review such documents or information and who agree to comply with and be bound by the terms of this Stipulation;

d.   counsel of record for the parties in this Action and the legal, clerical, paralegal, or other staff of such counsel;

e.   expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, provided,

however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 7 hereof;

     f.   the Court and Court personnel;

     g.   an officer before whom a deposition or trial testimony is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraphs 8 and 9 hereof;

     h.   Action trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 8 and 9, respectively, hereof; and

     i.   any other person agreed to in writing by the parties.

6.     <u>Limited Use of Highly Confidential Information</u>: Any information designated as Highly Confidential Information shall be used by the Receiving Party and its counsel only for purposes of this Action and for no other purposes.  Except with the prior written consent of the Producing Party or by order of the Court, Highly Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

     a.   in-house legal counsel for Fox News Network, LLC;

     b.   counsel of record for the parties in this Action and the legal, clerical, paralegal, or other staff of such counsel;

     c.   expert witnesses retained by the parties or their counsel to furnish expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, provided, however, that such Highly Confidential Information is furnished, shown, or disclosed in accordance with paragraph 7 hereof;

     d.   the Court and Court personnel;

e.   an officer before whom a deposition or trial testimony is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraphs 8 and 9 hereof;

f.   Action trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 8 and 9, respectively, hereof; and

g.   any other person agreed to in writing by the parties.

7.   <u>Disclosure to Expert Witnesses of Confidential and Highly Confidential Information</u>: Before any disclosure of Confidential or Highly Confidential Information is made to an expert witness or consultant pursuant to paragraph 5 and/or 6 of this Stipulation, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the Receiving Party obtaining said agreement shall maintain a copy of the signed agreement and, upon request, supply a copy to counsel for the other party.

8.   <u>Disclosure at Trial of Confidential or Highly Confidential Information</u>: Should the need arise for any of the parties to disclose Confidential or Highly Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party shall notify the other party at least five (5) business days in advance and the parties shall meet and confer in good faith regarding appropriate measures to preserve the confidentiality of such Confidential or Highly Confidential Information.  In the event the parties cannot reach agreement, the Producing Party may submit an application to the Court requesting measures to preserve the confidentiality of such Confidential or Highly Confidential Information.  Nothing in this paragraph shall preclude a party from presenting evidence to the Court as that party deems

necessary to prove his or its claims or defenses so long as the party complies with the requirements of this paragraph.

9. <u>Use at Deposition of Confidential or Highly Confidential Information</u>: This Stipulation shall not preclude counsel for the parties from using during any deposition in this Action any documents or information which have been designated as Confidential or Highly Confidential Information under the terms hereof.  Any deposition witness who is not a party or any non-managerial employee of a party and any court reporter who is given access to Confidential or Highly Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the agreement attached hereto as Exhibit A.  Counsel for the party obtaining the agreement shall supply a copy to counsel for the other party.  In the event that a witness refuses to execute the agreement, the Court, upon motion of the party seeking disclosure and after hearing from the Producing Party, shall determine what steps are necessary to preserve the confidentiality of such Confidential or Highly Confidential Information.

10. <u>Inadvertent Failure to Designate Information</u>: An inadvertent failure to designate information or items as Confidential or Highly Confidential Information does not, standing alone, waive the Producing Party's right to making a confidentiality designation under this Stipulation for such material. Any document or information that may contain Confidential or Highly Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential Information" or " Highly Confidential Information" within seven (7) days following the discovery that the document or information has been produced without such designation.

11.     <u>Extracts and Summaries of Confidential or Highly Confidential Information</u>: Extracts and summaries of Confidential or Highly Confidential Information shall also be treated as such in accordance with the provisions of this Stipulation.

12.     <u>No Waiver of Right to Object to Introduction Into Evidence</u>: The production or disclosure of Confidential or Highly Confidential Information shall in no way constitute a waiver of the right to object to the introduction of such information into evidence.

13.     <u>No Prejudice to Seek Modification of Stipulation</u>: This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by a properly noticed motion to the Court.

14.     <u>Stipulation Is Binding After Conclusion of Action</u>: This Stipulation and its provisions shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action.

15.     <u>No Admission as to Admissibility or Confidentiality</u>: Nothing herein shall be deemed an admission as to the admissibility in evidence of any facts or documents or as to the nature of the confidentiality of the documents.

16.     <u>No Waiver of Privilege or Protection / Inadvertent Production of Privileged and Protected Information</u>: Nothing herein shall be deemed to waive, or require disclosure of information that is protected from discovery by, the attorney-client privilege, work product immunity, or any other privilege or immunity. In accordance with Federal Rule of Evidence 502(d), the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other proceeding. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If a Producing Party becomes

aware that it has inadvertently produced information or materials that are protected by the attorney client privilege, work product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the inadvertent production. Once a Receiving Party receives notice in writing of the inadvertent production, it shall make reasonable efforts to gather copies of the information and materials that were distributed to others and shall return or destroy all copies of such inadvertently produced material within seven (7) days of receiving such notice. Any notes or summaries referring or relating to any such inadvertently produced material subject to a claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Producing Party bears the burden of establishing the privileged or otherwise protected nature of any inadvertently produced information or materials. Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed by the parties or resolved by the Court. If a Receiving Party becomes aware that it is in receipt of information or materials that it knows or reasonably should know is privileged, counsel for the Receiving Party shall immediately take reasonable steps to (i) stop reading such information or materials, (ii) notify counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Producing Party, and (v) otherwise comport themselves with the applicable rules of professional conduct.

17.     <u>Destruction of Confidential or Highly Confidential Information</u>: Within thirty (30) days of the final termination of this Action, all Confidential or Highly Confidential Information produced or designated and all documents containing any such information and/or reproductions

thereof shall be destroyed. Upon request from the Producing Party, the Receiving Party shall certify in writing within thirty (30) days of such written request that it has destroyed such physical objects and documents, including but not limited to deleting all electronic copies of such documents. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. Nothing in this Stipulation shall prohibit a party from using its own records and business documents in the normal course of business. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

18.    This Stipulation may be changed by further order of the Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**Submitted by and agreed to and on behalf of all parties:**

DATED: MAY 28, 2024

THE OTTINGER FIRM, P.C.

By:  /s/ *Robert Ottinger* (with consent)
Robert Ottinger
Erin Conn
The Ottinger Firm, P.C.
79 Madison Avenue
New York, New York 10016
Telephone: (347) 492-1904
robert@ottingerlaw.com
Erin@ottingerlaw.com

*Attorneys for Plaintiff*

DATED: MAY 28, 2024

BAKER & MCKENZIE LLP

By:  /s/ *Paul C. Evans*
Paul C. Evans
Krissy A. Katzenstein
452 Fifth Avenue
New York, NY 10018
Telephone: (212) 626-4100
paul.evans@bakermckenzie.com
krissy.katzenstein@bakermckenzie.com

*Attorneys for Defendants*

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party wishing
to make redacted or sealed submissions shall comply with Rule 9 of this
Court's Individual Rules of Civil Procedure.
```

SO ORDERED:

DATED: May 29, 2024
       New York, New York

_____
Hon. Katherine Polk Failla
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TARIQ KHAN, | Case No. 1:23-cv-08576 |
| *Plaintiff*, | |
| -against- | |
| FOX NEWS NETWORK, LLC, and JAMES GREGORY HEADEN | |
| *Defendants*. | |

**AGREEMENT TO BE BOUND BY STIPULATION AND ORDER**
**FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL /**
**HIGHLY CONFIDENTIAL INFORMATION**

I, _____, state that:

1.   My address is _____.

2.   My present employer is _____.

3.   My present occupation or job description is _____.

4.   I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential / Highly Confidential Information (the "Stipulation") entered in the above-entitled Action on _____ (date).

5.   I have carefully read and understand the provisions of the Stipulation.

6.   I will comply with all of the provisions of the Stipulation.

7.   I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Action, any Confidential or Highly Confidential Information that is disclosed to me.

8.      Within thirty (30) days following the conclusion of my participation in this Action, or the final termination of this Action, whichever is earlier, I will return all Confidential or Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Information.

9.      I hereby submit to the jurisdiction of this Court the purpose of enforcement of the Stipulation in this Action.

DATED: _____                    _____